**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10075 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00275-WHA-1 |
| v. | |
| LECONTE ONEAL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted February 13, 2012
San Francisco, California

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

Defendant Leconte Oneal appeals his conviction for possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He challenges the district court's denial of his motion to suppress evidence obtained during a warrantless probation search. Reviewing de novo, United States v. Franklin, 603 F.3d 652, 655 (9th Cir. 2010), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The police officers had probable cause to believe that Defendant resided in room 310 of the Windsor Hotel. A known informant, speaking face to face with police, told them that Defendant was selling drugs at that address. The informant gave Defendant's name, full address, and birth year. He/she was credible because he/she used drugs and thus was familiar with sellers, and he/she was specifically told that there would be no leniency for revealing information. Police corroborated the tip through the facts that the sole occupant of the room in question had the exact birth date of Defendant, that he had a prior criminal drug record, and that the hotel was known for drug selling. See generally United States v. Bishop, 264 F.3d 919, 924–26 (9th Cir. 2001) (discussing the factors for reliability of an informant's tip).

2. For similar reasons, the police officers had reasonable suspicion to believe that Defendant had violated the terms of his probation by selling drugs.

**AFFIRMED.**